FRUGÉ, Judge.
Plaintiff-appellee Irene Guilbeau sought to make executory $1,375 in past-due alimony in accordance with our affirmation of the trial court’s decision in Latour v. Guilbeau, 256 So.2d 731 (La.App. 3rd Cir., 1972). Defendant-appellant Wesley Latour again sought to cancel or alternatively to reduce the alimony. . We affirm the trial court’s refusal to amend the stipulated alimony (in the divorce proceeding) on finding that circumstances of the respective parties have not changed subsequent to the alimony award.
Latour has failed to establish an improvement in his divorced wife’s financial condition. The material facts are these: (1) as a result of Latour’s refusal to pay alimony, she converted more of her share of the community property settlement into cash; (2) she has lost her temporary job and is unable to obtain employment; (3) she purchased a home and her notes are substantially more than the rent she was paying at the time of the last hearing; and (4) she is ill and the medical expenses for her and her child are substantial.
To change alimony awarded in the divorce judgment, the prime factor is evidence of change of circumstances. McNeill v. McNeill, 223 So.2d 709 (La.App. 4th Cir., 1969).
An award of alimony is within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Procell v. Procell, 226 So.2d 590, 591 (La.App. 2nd Cir., 1969). We find no abuse in this case.
The judgment of the trial court is affirmed. Costs are assessed to defendant-appellant.
Affirmed.