293 So.2d 213 (1974)
Margaret Ann Womack JOHNSON, Plaintiff-Appellee,
v.
David H. JOHNSON, Defendant-Appellant.
No. 4480.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
*214 Patrick A. McDonough, III, Vidalia, for plaintiff-appellant.
Norman M. Magee, Ferriday, for defendant-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
FRUGE, Judge.
This action arises out of a suit instituted by plaintiff, Margaret Ann Womack Johnson, for delinquent child support payments. Defendant, David H. Johnson, reconvened for the fixing of specific visitation privileges and reduction of the child support award.
The trial court entered judgment in favor of the plaintiff in the amount of $8,400 plus legal interest. This amount represented payments of $200 each, found due and owing for a period of thirty-six months prior to date of judicial demand, as well as those falling due between date of judicial demand and rendition of judgment. The trial court's judgment further ordered child support payments reduced from $200 a month to the sum of $150 per month as of September 5, 1973, the date judgment was rendered. Visitation privileges were fixed at the first weekend of each month from 4:00 P.M. Friday to 4:00 P.M. Sunday, and the first two weeks in the month of August of each year. From this judgment, defendant has appealed. We affirm.
The trial court is asserted to have erred in the following respects: (1) in failing to sustain defendant's affirmative defense of waiver and estoppel; (2) in failing to reduce future child support payments to $100 per month; and (3) in fixing future visitation privileges and assessing legal interest on all past due support payments until paid in full.
Plaintiff and defendant were married in Mobile, Alabama, on July 30, 1960, and of this marriage two children, Margaret Glover Johnson and Dana Lynn Johnson, were born. Subsequently, the marriage was dissolved by divorce proceedings in the State of Louisiana on April 5, 1968. The judgment of divorce granted the plaintiff-mother permanent care, custody, and control of the minor children, subject to reasonable visitation rights on the part of the defendant-father. Defendant was ordered to pay child support in the sum of $200 per month.
Plaintiff asserted that defendant has never complied with the court's order assessing child support. Defendant alleged that the support payments were terminated by reason of the refusal of his ex-wife to permit him to exercise visitation rights as provided by the former judgment.
Defendant conceded that child support payments were terminated as of Christmas 1968, due to his wife's refusal to allow him visitation with their children. The alleged negation of defendant's rights by plaintiff is deemed by defendant to constitute grounds for the defense of estoppel. It is defendant's position that because plaintiff allegedly disobeyed the court decree concerning defendant's visitation privileges, *215 she has forfeited the right to past due child support payments, and cites the case of Snow v. Snow, 188 La. 660, 177 So. 793 (1937), as authority for this position.
It is apparent that defendant was aware, at the time of the divorce decree, that plaintiff intended to move to Tennessee and take the children with her. There was evidently no contestation of this issue at the time. Defendant's own testimony revealed that he has not seen his children since Christmas of 1968, although he has seen fit to make use of a mobile camper to vacation in Mexico, as well as take weekend camping trips. However, for nearly four and one-half years he failed to drive to Brentwood, Tennessee, to visit these children.
As evidenced by the record, defendant's conduct can not be characterized as that of a concerned father for the welfare and society of his children. There is no evidence of record, other than the defendant's testimony, which would support even an inference that plaintiff sought to interfere with the exercise of the defendant's visitation rights.
It is a well established principle of law that once alimony has been awarded by judgment, it remains in full effect until the party held liable applies to the court and is granted a modification of that award. Granger v. Granger, 193 So.2d 898 (La.App. 3rd Cir. 1967). Our jurisprudence, therefore, makes it clear what where extenuating circumstances preclude or make more burdensome the obligation to pay alimony, the obligor's remedy is to apply to the proper court and not to abruptly cease payment of the amount previously adjudged due.
At trial, defendant presented evidence of remarriage, of indebtedness, of the adoption of two children of his present wife, and of the existence of a third child conceived of this second marriage. In view of the testimony, the trial court rendered judgment reducing the child support payments from $200 per month to $150 per month.
Defendant asserts that he cannot possibly survive and pay $150 per month for future support payments. As stated by our Supreme Court in the recent case of Marcus v. Burnett, 282 So.2d 122 (1973), in ascertaining the proper amount of child support, the totality of the pertinent circumstances of the father and the mother as well, are to be considered. It is well established in our law that the trial court's judgment will not be disturbed after the fixing of alimony and/or child support, unless there is a clear showing of abuse of discretion. Guilbeau v. Latour, 270 So.2d 328 (La.App. 3rd Cir. 1972).
The trial court evidently concluded that the husband was financially able to comply with an award of $150 per month under the facts as presented, and with such a determination we are in accord. We are not of the opinion that the defendant has shown such a change in circumstances as would merit a reduction of his support obligation below that set by the trial court.
As pointed out in the Marcus case, supra, the obligation of support to the children of the marriage is imposed on both the mother and father. It is quite apparent that plaintiff is saddled with numerous burdens and is increasingly unable to fulfill the children's needs from her gross monthly salary of $500. Having considered the children's needs and the economics of our times, it would be unreasonable to consider reducing the payments further.
In regard to the request for a change in visitation privileges, it is noted that defendant concurred, at the trial of this matter, in the privileges fixed by the trial court. We are of the opinion that the periods set aside for the father's visitation are fair and not characterized by an undue burden. Circumstances and facts which might justify an adjustment of these privileges have not been shown to our satisfaction.
*216 Defendant asserts that the trial court erred in assessing legal interest on past due installments. Had the judgment provided for legal interest on past due payments from due date, we could agree. Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962). However, as we read the judgment, it properly provided for judicial interest on past due installments from date of the May 15, 1973, judicial demand.
The trial court judgment properly awarded back alimony of $200 per month for three years prior to the May 15, 1973, service of process. LSA-C.C. art. 3538. The judgment so stated. Inadvertently included in the judgment was the statement that this constituted a 42-month period. The amount due under the trial court's award is 39¾ payments of $200 each.
As clarified, the trial court judgment is affirmed at appellant's cost.
Affirmed.