308 So.2d 377 (1975)
Sylvia Guitrau, wife of Francis I. NICOLLE
v.
Francis I. NICOLLE.[*]
No. 6837.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
Rehearing Denied July 8, 1975.
A. D. Freeman, New Orleans, for plaintiff-appellant.
Edgar K. Corey, New Orleans, for defendant-appellee.
Before SCHOTT, MORIAL and BEER, JJ.
SCHOTT, Judge.
The divorced wife, Mrs. Nicolle, has appealed from a judgment on a rule she *378 brought to increase alimony and child support and on a rule by Dr. Nicolle to decrease child support. The trial judge set monthly alimony for Mrs. Nicolle at $150 in lieu of $115 and monthly alimony at $380 for the support of two minor children in lieu of $450 for the support of three children. Dr. Nicolle has answered the appeal.
Both parties strenuously urge that the amounts are improper, the one claiming they are inadequate and the other that they are excessive. Dr. Nicolle also contends that the wife as a matter of law is not entitled to any alimony.
Taking the latter issue first, alimony after divorce was originally set at $115 per month in April, 1971, and arguments were then raised in the trial court by Dr. Nicolle to the effect that she was not entitled to any alimony. No appeal was taken from that judgment. On the pleadings and at the trial of the rule leading to the judgment now on appeal the only issue was the amount of alimony to be paid to Mrs. Nicolle but not whether she was entitled to alimony in the first instance. In his answer to the appeal Dr. Nicolle has now for the first time since June, 1971, raised this issue, although the circumstances pertaining to the issue today are identical to those which prevailed in June, 1971. Nevertheless, we have considered the issue and conclude that there is no merit to Dr. Nicolle's position.
After the divorce Mrs. Nicolle in a partition settlement received the family home in New Orleans which she sold for approximately $30,000. Some of these proceeds she used to purchase her $25,500 home in Denham Springs where she and her two minor children now reside. She has no other assets. Dr. Nicolle maintains that she is not entitled to alimony pursuant to Smith v. Smith, 217 La. 646, 47 So.2d 32, along with Montz v. Montz, 253 La. 897, 221 So.2d 40; Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Stabler v. Stabler, 226 La. 70, 75 So.2d 12, and Paddison v. Paddison, 255 So.2d 504 (La.App. 4th Cir. 1971). While all of these cases stand squarely for the proposition that the divorced wife must spend her own assets for her support and is not entitled to alimony under LSA-C.C. Art. 160, where she has assets in excess of $20,000 as does the wife in the instant case, the cited cases can all be distinguished because of one element present in the instant case.
The one asset owned by Mrs. Nicolle is the home which she occupies with her two children. According to C.C. Art. 227, both parents have the obligation of supporting and maintaining the children born of the marriage. In this case the mother's house provides the shelter for these two children, and when the father's situation is considered it is quite practical to permit the wife to retain this asset so as to contribute shelter to the children rather than to require the wife to convert the asset into cash and to spend it and in the process to require the husband to pay more in child support to provide the children with shelter. The same reasoning applies to the wife who, under C.C. Art. 160, is entitled to maintenance in the form of shelter, food and clothing and who by retaining her house is able to provide herself with shelter leaving the husband to provide only food and clothing.
This result is consistent with this Court's opinion in Hardy v. Hardy, 214 So.2d 231 (La.App. 4th Cir. 1968).
On the question of the amounts of alimony and child support, both counsel have ably presented persuasive reasons for changing these amounts. Here we have a husband, a doctor, whose adjusted gross income was $41,260 in 1969, $36,021 in 1970, approximately $42,000 in 1971 and 1972, and $45,500 in 1973. Since his divorce, he has remarried and has living in his newly purchased $55,000 home, his wife, her two children by a former marriage, a two-year old child by his present wife, and two children of his marriage to his divorced wife, a 20 year old son and a 16 year old daughter. His household operating expenses he says are approximately $3100 per month. The father of his wife's two children by her previous marriage contributes only $20 *379 per week to their support, and the present wife is not employed.
On the other hand, Mrs. Nicolle has the other two children residing with her, aged 8 and 15. She presented a breakdown of her financial requirements at $8266 annually and contends that she has been unable to make ends meet without help from her family on the total of $6780 she has been receiving in alimony and child support.
In argument, counsel for Dr. Nicolle has meticulously analyzed Mrs. Nicolle's schedule of expenditures and has speculated that much of the $8266 claimed by the wife as necessary for the support of the family was used for the 16-year old child who just prior to the trial of the rule went to live with the husband and for items benefitting Mrs. Nicolle alone outside of the category of things necessary for her maintenance. He has also insisted that the trial judge erred in failing to consider the expenses Dr. Nicolle now has as a result of his remarriage and the support he now provides for his new wife, her two children and his own child by his present wife. He relies heavily on Marcus v. Burnett, 282 So.2d 122 (S.Ct.1973) for the proposition that the expenses incurred by the divorced husband for the support of the children of his new wife by a previous marriage are to be considered in setting child support.
On the other hand, counsel for Mrs. Nicolle contends that the increase in the cost of living since 1971 and the fact that as the two girls grow older they require more money for their support readily demonstrate that increases of only $40 per child are inadequate. He points out that the husband is paying more on a monthly note and for insurance on his 20-year old son's automobile than he is for the support of each of his daughters residing with Mrs. Nicolle. We are impressed that the 16-year old daughter of the Nicolles now residing with her father attends a private school in New Orleans while the other children attend public schools in Denham Springs, indicating that the one child may be enjoying a higher standard of living than the other two. This case is a classic illustration of why our jurisprudence is to the effect that alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Johnson v. Johnson, 293 So.2d 213 (La. App.3rd Cir. 1974), Jackson v. Jackson, 275 So.2d 456 (La.App.2nd Cir. 1973), Bernhardt v. Bernhardt, 271 So.2d 342 (La. App.2nd Cir. 1972), Guilbeau v. Latour, 270 So.2d 328 (La.App.3rd Cir. 1972).
Cases such as this are impossible to decide on the basis of mathematical precision. As in most such cases there are cogent arguments on both sides for a revision of awards made by the trial court. But under our jurisprudence the trial judge was vested with discretion to make the awards and counsel have failed to demonstrate an abuse of that discretion. Accordingly, the judgment is affirmed.
Affirmed.
NOTES
[*] Editor's Note: The opinion of the Court of Appeal of Louisiana, First Circuit, in Lorio v. Safeco Insurance Company of America, published in the advance sheets at this citation (308 So.2d 377), was withdrawn at request of the court.