COLE, Judge.
Appellant, John Thomas McCain, seeks a reduction of the $350.00 monthly child support award decreed by the lower court for his sixteen month old son, the custody of whom was awarded the mother pursuant to stipulation.
Civil Code article 227 imposes the obligation to support, maintain, and educate one’s children on both parents, each to provide according to the needs of the child and their relative ability to pay. C.C. art. 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir. 1976).
We are mindful of the considerable discretion a trial court has in fixing child support. Ducote v. Ducote, supra; Jones v. Jones, 351 So.2d 825 (La.App. 1st Cir. 1977). However, in the instant case we find an abuse of that discretion. A careful review of, the record convinces us that $350.00 per month is grossly excessive. The appellant’s income is $842.00 per month and the appellee’s income is $774.00 per month. Based upon this evidence, the maximum reasonable award is $200.00 per month.
Appellant also contends that the provision of the trial court’s judgment that accorded the appellee, Martha Vallee McCain, the right to claim their child as a dependent on her federal income tax return is erroneous, and he urges that the judgment be amended to award this tax exemption to him.
We reverse this part of the lower court judgment. As we read the applicable federal income tax law the same result is mandated. However, that law seems to contemplate that our state courts have discretion only to decree that the parent not having custody shall be entitled to the dependency exemption. And, we note that even when the parent not having custody has been awarded the dependency exemption, the parent with custody may still establish the right to claim the exemption. 26 U.S.C.A. § 152(e); Pettitt v. Pettitt, 261 So.2d 687 (La.App. 2d Cir. 1972).
For the reasons assigned, the judgment of the district court is amended to provide child support to the appellee in the amount of $200.00 per month; it is reversed insofar as it decreed appellee to be entitled to claim the child as a dependency exemption for federal income tax purposes; and, it is otherwise affirmed. Costs of this appeal are assessed one-half to appellant and one-half to appellee.
AMENDED, REVERSED IN PART, AFFIRMED IN PART.