ON REHEARING
This case comes to us on rehearing from our judgment dismissing the appeal from a judgment of the Family Court for East Baton Rouge Parish. We dismissed the appeal under Rule 7, Section 5(b) of the Uniform Rules — Courts of Appeal considering the appeal as abandoned for failure of appellant to have timely filed brief.
On application for rehearing the Court was convinced that appellant’s brief was timely filed and rehearing was granted.
The Family Court for East Baton Rouge Parish decreed a divorce between the parties and awarded Janet Carol Mayo Hollis $125.00 per month permanent alimony and $250.00 per month child support. The former husband, Joseph Hollis, appealed. We affirm.
Janet Carol Mayo Hollis and Jospeh Holt lis were married October 18, 1974. Of the marriage, one child was born, Shannan Elizabeth Hollis, of whom the mother was awarded custody in the proceedings discussed below.
On January 3, 1978, Mrs. Hollis sued Mr. Hollis for a separation from bed and board. On January 12, 1978, by consent judgment, alimony pendente lite for Mrs. Hollis was set at $350.00 per month and child support was set at $175.00 per month. On application of Mr. Hollis, alimony was reduced to $200.00 per month and child support was continued at $175.00 per month, judgment dated March 6, 1979.
On April 10, <1979, Mr. Hollis filed a petition for divorce and elimination of alimony. Mrs. Hollis reconvened seeking a fixing of permanent alimony at an amount increased from the amount awarded pendente lite and also seeking increased child support.
The trial court awarded permanent alimony of $125.00 per month (a reduction of $75.00 per month from the amount previously awarded), and child support of $250.00 per month (an increase of $75.00 per month from the amount previously awarded). The defendant, Joseph Hollis, has appealed, contending the trial court erred in awarding alimony to Mrs. Hollis when she has sufficient means for her support, and in increasing the award of child support without any *1271 showing in the record of change in circumstances.
The only change in circumstance shown since March of 1979 is the $36.50 per week expense for nursery school for Shan-nan, which we must assume was the basis for the increase of child support. On a monthly basis this expense would average out to approximately $150.00 per month, so that the trial court’s award has the effect of requiring the father, Mr. Hollis, to pay one-half on the additional expense. The mother, Mrs. Hollis, will presumably have to bear the remainder of this expense for child support. Both parents are obligated to support the children (child) born of the marriage. LSA-C.C. art. 227; Savoie v. Curtis, 354 So.2d 705 (La.App. 4th Cir. 1978); McCain v. McCain, 374 So.2d 135 (La.App. 1st Cir. 1979). As Mrs. Hollis is also obligated to support the child, and as her net income is substantially less than Mr. Hollis’ net income, we find no error in his contributing a substantially larger amount toward the support of the child.
Appellant’s contention that appellee, Mrs. Hollis, has “sufficient means” for her support and is consequently not entitled to permanent alimony presents a more difficult question. The record shows that Mr. Hollis has a net monthly income of $960.00. Mrs. Hollis now has a job which pays her a net income of $520.00 per month. Deducting the amount of $250.00 for child support from Mr. Hollis’ net income leaves him the sum of $710.00 per month for his support. Deducting the amount of $75.00 per month which we estimate Mrs. Hollis will pay toward child support leaves her the sum of $445.00 per month for her support. Considering the needs of Mrs. Hollis as shown by the record, we cannot find that $445.00 per month would provide her with sufficient means for her support. We are dealing here with relatively small sums of money for the support of the parties in view of the present cost of living. The trial court’s award of $125.00 per month as alimony to Mrs. Hollis has the effect of reducing Mr. Hollis’ net income for his support to $585.00 per month, and of increasing Mrs. Hollis’ net income for her support to $570.00 per month, a .position of approximate financial equality, yet sums that will have to be managed prudently by the parties in order to maintain a minimum standard of living. We cannot agree with appellant’s, Mr. Hollis’, contention that the trial court awarded alimony and child support as a lump sum without considering the merits of each award. Accordingly, we find no clear showing of an abuse of discretion on the part of the trial court. See Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975); Johnson v. Johnson, 293 So.2d 213 (La.App. 3rd Cir. 1974).
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.