WATKINS, Judge.
This is an appeal from a rule to increase an alimony award to Patricia Remaley Hun-sicker, appellee, and to increase an award for child support for the parties’ two minor children, Deborah Lynn Hunsicker and Kimberly Jean Hunsicker. John E. Hun-sicker, appellant and defendant in rule, answered seeking a reduction in alimony. The trial court left the amount of alimony at $500.00 per month and increased the amount of child support to $350.00 per month for each of the two children. John E. Hunsicker, III appealed. We affirm.
The parties were divorced by judgment of the Family Court of East Baton Rouge Parish dated June 23, 1978. The judgment awarded temporary custody of the two minor children to Mrs. Hunsicker, and awarded alimony of $1,200.00 per month and $100.00 per month for child support for each child. The judgment was amended by consent of the parties on October 19, 1978, to *348 award permanent custody of the children to Mrs. Hunsicker, and to reduce the amount of the alimony to $500.00 per month, and to increase the amount of child support to $250.00 per month for each child.
The amended judgment contained the following paragraph:
“ ‘The amount of alimony and child support has been agreed upon by petitioner and defendant and said agreement is without prejudice to either party’s right to reopen the matter of child support and alimony at a later date without the need to show a change in circumstances.’ ”
We, therefore, hold that there is no need to show a change in circumstances.
Mr. Hunsicker is president of Buckelew’s Food Serving Equipment Co. in Baton Rouge, a wholly owned subsidiary of Bucke-lew Hardware Co. in Shreveport, of which his father is president. He has an assured income of $48,000 per year, plus a possible annual bonus which in the past has been ten per cent of the net profit of the company. The trial court proceeded on the assumption that Mr. Hunsicker’s annual gross income was $48,000.00.
Mrs. Hunsicker is an artist. She planned to move to Florida, a move which the record strongly suggests, but does not expressly state, was imminent. At the time of the trial on the alimony rule, she did not have a regular job, but she derived a small income from the sale of some paintings and pen and ink sketches. She plans to get a part-time job in Florida, and to attend the University of Central Florida to get a degree. She will pay the college expenses from the alimony. Other major expenses that she will incur are expenses of sending the children to visit their father, $1,200 moving expenses, $350.00 per month rent in Florida, $100.00 per month for electricity, $147.36 per month for taxes, tolls, and licenses, and $500.00 per month for groceries. The total amount of estimated monthly expenses for Mrs. Hunsicker and the two children was $2,239.74 per month. This amount, we note, is far more than the total amount of alimony and child support that the trial court awarded ($1,200.00 per month). We doubt that Mrs. Hunsicker will derive sufficient income from part-time work to meet expenses, even with the awards of alimony and child support.
We do not find that the award of alimony and child support was excessive; we think it was conservative. Nor do we find the expenses to be incurred by the move to Florida to be remote and speculative, as appellant contends. The entire record indicates that the move to Florida was to take place in the immediate future. The house that Mrs. Hunsicker was to rent in Florida had been selected, and the moving expenses had been ascertained. This factual situation differs entirely from the factual situations presented in Graves v. Graves, 197 So.2d 206 (La.App. 1st Cir. 1967) and Faust v. Faust, 254 So.2d 304 (La.App. 4th Cir. 1971), in which economic circumstances which would exist in the rather distant future and which were a matter of speculation were involved.
As we have stated, we find no fault with the amount of the trial court’s award for alimony and child support. We find the following language in Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975) to be appropriate:
“ . alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Johnson v. Johnson, 293 So.2d 213 (La.App. 3rd Cir. 1974), Jackson v. Jackson, 275 So.2d 456 (La.App. 2nd Cir. 1973), Bernhardt v. Bernhardt, 271 So.2d 342 (La.App. 2nd Cir. 1972), Guilbeau v. Latour, 270 So.2d 328 (La.App. 3rd Cir. 1972).”
(308 So.2d 377, 379)
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.