385 So.2d 396 (1980)
Henry HIGDON
v.
Dolores Kucera HIGDON.
No. 13347.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*397 E. Neal Harmon, Port Allen, of counsel, for plaintiff-appellant.
Jerry F. Davis, Baton Rouge, of counsel, for defendant-appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an action for divorce brought by the husband. The trial court granted a divorce based on one year having elapsed without reconciliation following a judgment of separation from bed and board. Permanent alimony was granted the wife, who was found to be without fault, in the amount of $175.00 per month. No children were born of the marriage, so child support is not involved. The husband has appealed, seeking to set aside the judgment granting permanent alimony. We affirm.
The husband, Henry Higdon, and the wife, Dolores Kucera Higdon, were judicially separated by judgment dated December 29, 1977. On January 31, 1979, Mr. Higdon filed suit for divorce on the ground of failure to reconcile for one year after a judgment of separation. The wife admitted the husband's allegations, recited that alimony pendente lite had been awarded in the amount of $250.00 per month, and prayed for an "increase" in alimony to $350.00 per month. The pleading was captioned simply "ANSWER", although it quite obviously embodied a reconventional demand as well. Mr. Higdon filed, on March 21, 1979, an amending and supplemental petition seeking divorce on the ground of adultery. The wife answered with a denial of the allegation of adultery, and again prayed for alimony, the pleading being captioned "ANSWER TO FIRST AMENDING & SUPPLEMENTAL *398 PETITION FOR DIVORCE", although, again, the pleading obviously embodied a reconventional demand as well. The husband sought to prove adultery at the trial on the merits, and did prove failure of the parties to become reconciled for one year. The trial court granted a divorce on the ground of failure to become reconciled for one year following judgment of separation. The trial court stated in oral reasons for judgment: "There's a specific finding by the Court that the petitioner has failed to prove adultery." It awarded permanent alimony in the amount of $175.00 per month.[1]
In appealing, Mr. Higdon raised the following issues: (1) the correctness of the factual finding that Mr. Higdon has failed to prove adultery, (2) the sufficiency of the wife's pleadings in seeking permanent alimony, and (3) the necessity of the alimony.

ADULTERY
We have read the entire record, including the transcript of testimony (no exhibits concern this issue), very carefully, and find that there is no manifest error in the trial court's finding that there was no proof of adultery.

SUFFICIENCY OF PLEADINGS
Mr. Higdon, appellant, contends that the two answers and reconventional demands mentioned above are improper because the captions to the two pleadings do not indicate that the two pleadings contain reconventional demands as well as answers, and, also, because the two pleadings do not contain a prayer for alimony as permanent alimony, but rather, simply state "alimony".
Under LSA-C.C.P. art. 1032 a pleading containing both an answer and a reconventional demand shall be captioned so as to "indicate appropriately the dual character of the combined pleading". The wife's first pleading in the present divorce proceeding was captioned simply "ANSWER", and the caption to the second pleading likewise indicated that the pleading was an answer only. LSA-C.C.P. art. 865 provides, "Every pleading shall be so construed as to do substantial justice." The jurisprudence holds that courts may overlook miscaptioning of a pleading where the other party is not prejudiced. See Succ. of Smith, 247 La. 921, 175 So.2d 269 (1965); Davis v. Southern Farm Bureau Cas. Ins. Co., 324 So.2d 468 (La.App. 3rd Cir. 1975); Cvitanovich v. Sorli, 347 So.2d 1204 (La. App. 1st Cir. 1977). In the present case, it is clear that Mr. Higdon was not prejudiced by the improper captioning of the pleading, as it is quite clear from the manner in which the trial on the merits was conducted that there was no surprise, and that counsel for Mr. Higdon was fully aware of the fact that Mrs. Higdon was reconvening seeking permanent alimony. The same reasoning holds true with respect to the failure to use the adjective "permanent" before the noun "alimony" in the prayer. Counsel for Mr. Higdon was not misled or surprised. Furthermore, except in the case of judgment by default, "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief". LSA-C.C.P. art. 862. Here, it is quite apparent that if Mrs. Higdon is entitled to alimony, it is permanent alimony to which she is entitled, not alimony pendente lite. We, therefore, find counsel for appellant's contentions with respect to the insufficiency of the pleadings to be without merit.

*399 NECESSITY OF ALIMONY
The following standard is set forth in many cases, including Ward v. Ward, 339 So.2d 839 (La.1976), for the awarding of permanent alimony:
"This alimony after divorce is not awarded in an amount sufficient to support the former wife in the manner in which she is accustomed to live; rather, it is awarded in an amount sufficient to provide for her maintenance, which includes food, clothing, shelter, and other basic necessities; and the wife has the burden of establishing her necessitous circumstances. Bernhardt v. Bernhardt, supra [283 So.2d 226]; Vicknair v. Johnson (Vicknair), 237 La. 1032, 112 So.2d 702 (1959); Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954)."
(339 So.2d 839, 842)
Mr. Higdon is employed and has a net monthly income of $1,263.00; Mrs. Higdon is also employed and has a net monthly income of $490.59. She has monthly expenses which she itemized, and which appear to be almost entirely for necessities,[2] of $811.00. Even if Mrs. Higdon overstates her monthly federal tax liability as $100.07, in view of her 1978 income tax of $351.56 (although she had a wage increase of 75¢ per hour), this possible error in tax liability increases her monthly net income, in rough figures, only to $560.00 per month, which is not enough to meet the expenses proven. We, therefore, find that there was no clear abuse of discretion in the trial court's awarding Mrs. Higdon permanent alimony of $175.00 per month. See Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975); Johnson v. Johnson, 293 So.2d 213 (La.App. 3rd Cir. 1974).
We are somewhat concerned about the fact that the former community includes about 27 acres of land surrounding a house (also community) in Erwinville, some or all of which land should be considered as an asset of the spouses under LSA-C.C. art. 160 (as amended) in determining permanent alimony. However, there is nothing in the record that would indicate the value of the land and improvements located thereon.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] The trial court first issued written reasons holding LSA-C.C. art. 160 as it stood before the 1979 amendment to be a denial of equal protection, and hence unconstitutional, in the light of the holding in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). Orr struck down an Alabama alimony statute which was similar to C.C. art. 160 as it stood before amendment, on the ground that, under the Alabama statute, equal protection was denied, as a wife could obtain alimony from the husband, but not vice versa. The trial court later enforced C.C. art. 160 as it stood after amendment (Act No. 72 of 1979, Sec. 1), the final judgment not having been signed when the amendment took effect (June 29, 1979). The husband has now abandoned his argument that C.C. art. 160 as amended is unconstitutional, having abandoned that argument as a result of the decision in Lovell v. Lovell, 378 So.2d 418 (La.1979).
[2] Mrs. Higdon testified that all these expenses were for necessities, and, while we are uncertain whether or not she is correct with regard to a few items, her testimony with regard to the necessity of these items is not refuted or contradicted.