**Linda L. CALIA, Respondent,**

v.

**Andrew B. CALIA, Appellant.**

**No. WD 32194.**

Missouri Court of Appeals, Western District.

Oct. 27, 1981.

Philip H. Schwarz, Kansas City, for appellant.

Edward J. Houlehan, Kansas City, for respondent.

Before KENNEDY, P. J., and WASSER-STROM and SHANGLER, JJ.

KENNEDY, Presiding Judge.

Linda L. and Andrew B. Calia were married June 16, 1961. Four sons were born to their union. A decree dated September 12, 1980, dissolved the marriage, divided the marital property, awarded custody of the children to Linda, and ordered Andrew to pay $200 per month per child for support as well as $100 per month for maintenance.

Andrew appeals and raises two points. First, the trial court erred in ordering him to pay Linda $7,150 in cash as part of the division of marital property. Second, the court abused its discretion in granting Linda the right to claim two children as dependents for tax purposes. We affirm on the first point and modify and affirm on the second.

The court divided the marital property as follows:

| Property Allocated to Linda Calia | Net Value |
|---|---|
| Residence | $ 35,000.00 |
| Household goods | 3,000.00 |
| 1979 Thunderbird automobile | .00 |
| Retirement fund | 1,240.00 |
| Checking account, Peoples Bank | 10.00 |
| Personal effects | |
| Cash judgment against Andrew | 7,150.00 |
| | $ 46,400.00 |
| Less balance due on charge accounts | − 545.42 |
| Net share of marital property (61%) | $ 45,854.58 |

| | |
|---|---|
| Gas station lease | $ 20,000.00 |
| Business bank account, Kaw Valley Bank | 8,700.00 |
| Life insurance, cash value | 3,500.00 |
| Ford truck and camper | 2,500.00 |
| Wedding rings | 2,500.00 |
| Savings account, Kaw Valley Bank (silver proceeds) | 1,175.00 |
| Savings account, Kaw Valley Bank | 1,138.00 |
| Personal effects | |
| | $ 39,513.00 |

| | | |
|---|---|---|
| Less: | | |
| Balance due on charge accounts | $ 1,556.78 | |
| Attorney fees for Linda | 2,000.00 | |
| Cash payment to Linda | 7,150.00 | |
| Total Deductions | $10,706.78 | –10,706.78 |
| Net share of marital property (39%) | | $ 28,806.22 |

■ Andrew attacks the order that he pay Linda $7,150 because the court did not specify the source of or reason for the transfer. Several principles govern our review. First, the trial court has broad discretion in dividing marital property. *In re Marriage of Brewer*, 592 S.W.2d 529, 532 (Mo.App.1979). Second, the division must be just, but it need not be equal. *Hilger v. Hilger*, 570 S.W.2d 736, 740 (Mo.App.1978). Third, in dividing the marital property, the trial court is unfettered by "rigid methods or mechanics." *Id.* Finally, the appellant bears the burden of demonstrating error in the judgment. *In re Marriage of Brewer*, supra at 532.

■ Applying these standards, we find the trial court did not err in dividing the marital property. The court originally set aside the Kaw Valley account containing $1,138 to Linda and ordered Andrew to pay her $6,000. Upon learning that Andrew had emptied the joint account shortly before Linda filed for dissolution, the court modified its decision by awarding the depleted account to Andrew and ordering him to pay Linda an additional $1,150. If one spouse secretes or squanders marital property in anticipation of divorce, the court may order reimbursement. *Daniels v. Daniels*, 557 S.W.2d 702, 704–05 (Mo.App.1977); *In re Marriage of Faulkner*, 582 S.W.2d 292, 295–96 (Mo.App.1979). The cash award of $1,150 was unquestionably proper.

The court labeled the $6,000 transfer "a further division of the marital property" but did not pinpoint its source. Andrew argues this ambiguity renders the award improper. But *see Daniels v. Daniels*, 557 S.W.2d at 704. Neither party expressly requested findings of fact nor conclusions of law; therefore, "all fact issues are deemed to accord with the result." *Kaczmarczyk v. Kaczmarczyk*, 593 S.W.2d 252, 253 (Mo.App. 1980); Rule 73.01(a)(2). Moreover, the evidence showed that the business checking account contained marital cash sufficient to fund the transfer.

■ A court may order cash payments to effect a just division of marital property. *Claunch v. Claunch*, 525 S.W.2d 788 (Mo. App.1975). This device is employed when it is impossible or imprudent to divide a piece of property in kind. *Snider v. Snider*, 570 S.W.2d 770 (Mo.App.1978). It is also permissible to order a cash transfer without linking it to any particular asset. *See Norman v. Norman*, 604 S.W.2d 680, 685 (Mo. App.1980).

In achieving a just division of marital property, the court is to consider all relevant factors, including the "economic circumstances of each spouse at the time the division of property is to become effective." § 452.330.1(3), RSMo 1978. In ordering a cash transfer to Linda, the trial court could have considered the following factors under the rubric "economic circumstances".

First, Linda's share of marital property would have been devoid of liquid assets absent the $7,150 award, yet the court ordered Linda to assume substantial obligations on the house and Thunderbird. Upon dissolution, Linda was earning a monthly net income of $630 and would receive monthly maintenance of $100. Debt service on the house and car requires $450 per month. Thus, only $280 would remain to meet expenses not covered by child support. The court could reasonably have concluded that a cash award would cushion the blow of unanticipated expenses and would enable Linda to adapt to post-dissolution budgetary constraints.

A second economic circumstance which the court could have considered was the allocation of income-producing property.

*Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App. 1978). Andrew received the gas station lease, which is the only asset capable of generating a lucrative return. Linda's equity in the house, though substantial, does not provide a steady income and is not readily accessible since she must maintain a home for the children. A cash transfer is one method by which the trial court might remedy the disparity.

Andrew has failed to demonstrate that the court erred in awarding Linda $7,150 as a further division of marital property. That portion of the decree is affirmed.

In his second point, Andrew contends the trial court abused its discretion in awarding Linda the right to claim two of the children as tax exemptions. The decree allocates exemptions for two named sons to each parent and permits the holder of the exemption to claim it on any tax return, including federal, state or city. Although the arguments focus exclusively on the validity of the decree vis-a-vis the Internal Revenue Code, Missouri law is also implicated since it simply adopts the federal guidelines on dependents. Sec. 143.161, RSMo 1978.

■ A Missouri court has jurisdiction to allocate tax exemptions between parents, *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 533 (Mo.App.1981); however, this power must be exercised in accord with the Internal Revenue Code. *In re Marriage of Neal*, 92 Cal.App.3d 834, 848, 155 Cal.Rptr. 157, 165 (1979). Under the Code, a noncustodial parent may claim the child as a dependency exemption by satisfying either of two special rules. 33 Am.Jur.2d, Federal Taxation, ¶ 1153 (1980).

Under 26 U.S.C.A., § 152(e)(2)(A) (West Supp. 1981), a noncustodial parent may claim the exemption if two conditions are met. First, a court decree or agreement between the parties must grant the exemption to the noncustodial parent. Second, that parent must provide at least $600 annually in support of the child. *Roberts v. Roberts*, 553 S.W.2d 305, 306–07 (Mo.App. 1977). Note that the uncontested award of two exemptions *to Andrew* meets these two requirements, assuming he will fulfill his support obligations at least to the extent of $600. On the other hand, the disputed allocation of two exemptions to Linda is outside this provision because she has custody.

■ The second test is found in 26 U.S.C.A., § 152(e)(2)(B) (West Supp.1981). A noncustodial parent furnishing $1,200 or more annually for support of a child is entitled to the exemption unless the custodial parent "clearly" rebuts the presumption by showing expenditures exceeding those of the noncustodial parent. Otherwise, a noncustodial parent who meets the $1,200 test is entitled to the exemption "notwithstanding any provision to the contrary contained in a decree of divorce". Treas.Reg. § 1.152–4(d)(3) (1971). Thus a state court cannot override federal regulations and award the exemption to the custodial parent by judicial fiat. *McCain v. McCain*, 374 So.2d 135 (La.App.1979). In *McCain*, the noncustodial father was obligated to pay child support exceeding $1,200 annually; therefore, the court reversed that part of the judgment which granted the tax exemption to the custodial mother because it was contrary to federal law. *McCain* is identical to the instant case in all pertinent aspects. It follows that the award of two exemptions to Linda was erroneous.

*Niederkorn v. Niederkorn*, supra, is distinguishable. In *Niederkorn*, the trial court ordered the noncustodial father to furnish support exceeding $1,200 annually, yet it awarded the tax exemption to the custodial mother. The Eastern District affirmed, finding the mother had clearly established expenditures exceeding those of the father. In contrast, as long as Andrew annually furnishes $2,400 per child and Linda's income and expenses remain at the levels mentioned previously, it is doubtful that she will be able to clearly rebut the presumption that Andrew is entitled to the exemption. Although valid as between the parties, we suspect the *Niederkorn* decree will come to naught at tax time because nothing in the opinion indicated the IRS is bound by the result. On the contrary, the expressed policy of the Service is that a favorable decree offers no refuge to the custodial

parent so long as the noncustodial parent meets the $1,200 test. Treas.Reg. § 1.152–4(d)(3) (1971). Instead, the custodial parent must rebut the presumption anew each year to claim the exemption. *See id.* § 1.152–4(e). It was error for the court to award the two dependency exemptions to Linda.

What should the appellate court do? In the interest of laying the litigation to rest and settling the parties' rights, we should if possible enter such judgment as the trial court should have entered without remanding the same. Rule 84.14; *Caen v. Feld*, 371 S.W.2d 209, 214–215 (Mo.1963); *Pannell v. Missouri Insurance Guaranty Assn.*, 595 S.W.2d 339, 356 (Mo.App.1980).

The court's allocation of the income tax exemptions between the parties was intended as a part of the whole adjustment of the economic burden of the children's support. *Niederkorn v. Niederkorn*, supra; *Roberts v. Roberts*, supra. To leave Andrew's two exemptions intact and to deny, or to leave uncertain, Linda's two exemptions, would distort the plan.

The end result to be reached by the trial court's order can be substantially achieved by the following modification of the judgment: All four of the dependency exemptions will be awarded to Andrew, and Linda will be entitled to none of them. In lieu of the dependency exemptions, she is entitled to additional child support of $12.50 per child per month, for a total of $212.50 per month per child. This should approximate the value to Linda of the two exemptions, but will be somewhat less than their value to Andrew, he earning more and being in a higher tax bracket.

As so modified, the judgment is affirmed.

All concur.