SCHOTT, Judge.
This is an appeal by the wife from a judgment on her rule for child support increase, arrearages, and contempt. The issues are whether the husband’s action in discontinuing a $140 per month mortgage note payment was legally justified and whether the trial court abused its discretion as to the request for an increase in child support payments.
When the parties were legally separated on June 7,1977, custody of their two minor children was given to the mother and the father was to pay $50 per week in child support, school tuition, and the family home mortgage note payment of $140 per month. The husband abided by these terms until August 1, 1981, when he ceased paying the $140 per month for the family mortgage note because he had purchased the wife’s community interest in the house for $35,000 and the wife and children had moved out.
In the judgment now on appeal the trial court increased child support payments to $60 per week, continued the husband’s payment of school tuition and book costs for the children, and ordered him to carry hospitalization insurance for the children, and to pay $100 arrearage in child support. The judgment also provided that the wife was not entitled to the $140 per month note payments since the property had been sold.
The general rule is that absent a judicial modification of a child support award, such an award remains in full effect in favor of the party to whom it is awarded. However, it has been established that an agreement between the parents to suspend one spouse’s right to receive child support payments is enforceable provided that the agreement meets the requisites for a conventional obligation and fosters the goal of continued upbringing and support of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
In the case at bar, the wife voluntarily entered into a contract of sale with her husband disposing of her interest in the family home for a sum of $35,000. Such an agreement necessarily dictated the discontinuance of the husband’s obligation to meet family home mortgage payments as provided for in the original decree. As in Dubroc, her participation in the agreement constituted a waiver of her right to continue receiving the mortgage payments.
In regard to the trial court’s modification of the original decree, the record supports the award. The mother now holds $35,000 from the sale of the family home and a job with a take home pay of $845 per month. Although she must now pay rent of $450 per month and he does earn more money than he did at the time of the original decree, the marginal increase in child support of $10 more per week must be viewed together with the husband’s additional obligations to continue paying school tuition and hospitalization insurance. We conclude that the decree is within the sound discretion of the trial court and cannot be disturbed on appeal in the absence of a clear showing of abuse. Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir.1975).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.