Johnny E. SHIPP, Respondent,

v.

Patricia A. SHIPP, Appellant.

No. 23988.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 2001.

Christina L. Kime, Hackworth, Kime & Hackworth, L.L.C., Piedmont, MO, for Appellant.

Matthew S. Edmundson, Edmunson, Summers, Hopkins & Edmundson, Poplar Bluff, MO, for Respondent.

JOHN E. PARRISH, Judge.

Patricia A. Shipp (wife) appeals the part of a dissolution of marriage judgment that divides marital property and the part of the judgment denying her request for attorney fees. The part of the judgment dividing marital property is reversed and the case is remanded with directions. In all other respects the judgment is affirmed.

Johnny E. Shipp (husband) and wife were married in July 1998. They separated in January 2000. Husband filed the dissolution action that is the basis for this appeal. Wife filed a cross-claim.

The trial court judgment awarded almost all of the parties' marital property to husband. Husband received two motor vehicles, a farm tractor, the real estate on which the marital home was situate, a "4–Wheeler", a washer and dryer, a welder, an air conditioner, a checking account at the Bank of Grandin, a "Dish net receiver," and household furnishings that were in his possession at the time of the dissolution. Wife was awarded household furnishings that were in her possession and an automobile. The trial court did not assign values to the items it determined were marital property, nor did it determine a total value for the marital property awarded each party.

■ Wife's first point on appeal argues the trial court erred in dividing the marital property disproportionately; that the trial court "placed too much weight upon the factor of the source of funds for the purchase of the marital real estate so that the division was ... arbitrary and unreasonable .... and indicate[d] a lack of careful consideration." Husband provided the funds for acquisition of most of the marital property. However, the property acquired was placed in husband's and

wife's joint names. Husband does not contest its classification as marital property.[1]

■ In reviewing wife's claim that the trial court's division of marital property was erroneous, it is necessary to review the evidence of value that was before the trial court. "Only by having evidence from which a fair and accurate valuation of the marital property can be made can a just division of the property be achieved." *Frame v. Frame*, 696 S.W.2d 332, 336 (Mo. App.1985).

■ Wife suggests there was evidence that supported the value of the marital property awarded husband, exclusive of any value for one of the motor vehicles—a 1996 Taurus, the welder, dish net receiver or household goods in husband's possession, to be $138,700 to $139,700.[2] Wife contends that even if debts husband was ordered to pay were deducted from the value of the marital property he was awarded, the property he received amounted to approximately 96% of the value of the total marital property.[3] This court's review of the testimony confirms that assessment.

There was evidence that wife acquired the 1985 Oldsmobile she was awarded a few months prior to the trial at a cost of $500. There was no evidence of the value of the household goods in her possession.

Section 452.330.1[4] requires marital property and marital debts to be divided in proportions the trial court deems just after considering all relevant factors, including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The value of nonmarital property set apart to each spouse was negligible. There were no children of the marriage. Thus factors (3) and (5) are of no significance. Likewise, the desirability that a party who would have custody of children being awarded the marital home that is part of factor (1) is of no significance.

---

1. *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984), adopted the source of funds rule for purposes of characterizing property as marital or nonmarital. To the extent funds used to pay for property are marital, the property acquired is marital property. *Id.* at 825. To the extent funds used to acquire property were nonmarital, the property acquired is nonmarital property. *Id.* Regardless, "[a] spouse transmutes separate property into marital property by titling it in both parties' names." *Williams v. Williams*, 965 S.W.2d 451, 454 (Mo.App.1998). *See also Stephens v. Stephens*, 842 S.W.2d 909, 913 (Mo.App. 1992).

2. This court found no testimony or other evidence about the value of the items excluded from the total valuation of $138,700 to $139,700 of husband's marital property. The parties do not contend the value of those items was significant for purposes of ascertaining the percentage of value of the marital property each party received.

3. Husband was ordered to pay debts totaling $14,200. He was ordered to pay $7,000 that was owed on the pickup he received and a $7,200 debt for its repair. He borrowed the $7,200 to pay "to get it out of the shop after [wife's] son wrecked it."

4. References to statutes are to RSMo 2000.

Otherwise, with respect to factor (1), husband was in better economic circumstances than wife. With respect to factor (2), husband contributed most of the cost of the marital property. Wife contributed a small amount of the purchase price of some of the marital property and, although the 14 months the parties lived together were not harmonious, wife provided care for husband during periods of ill heath following heart attacks and periods of depression he experienced.

Husband violated an order of protection wife obtained following their separation. During the time the order of protection was in effect, husband went to wife's residence and intentionally rammed two cars used by wife and her son. He was intoxicated at the time. There was testimony that husband had a shotgun in his car at the time of the incident. Those actions weigh heavily against husband in comparing the conduct of the parties.

Wife testified that husband threatened her with physical harm on a number of occasions, although she was never physically abused. She told of an occasion when husband said he would shoot and kill her son then shoot and kill her.[5] She told of an incident the night before she left the marital residence. She said husband had been drunk "for about two days" and was extremely abusive toward her. She said he came home about 5:00 a.m.; that he "had a two by four that he was going to use on [her] son."

■ A division of marital property must be just although there is no requirement that it be an equal division. *Robertson v. Robertson,* 3 S.W.3d 383, 384 (Mo. App.1999). The fact that one party re-

ceives a higher percentage of marital property than the other does not *per se* constitute an abuse of discretion by the trial court. *Id.* at 384–85. However, if the division is so unduly weighted in favor of one spouse as to amount to an abuse of discretion, it will be reversed.

Considering the factors identified by § 452.330.1, together with other relevant factors, the trial court's distribution of marital property was unduly weighted in favor of husband. It was an abuse of discretion to award approximately 96% of the marital property to husband. This court concludes that an award of an additional $20,000 to wife is required to effect a just division of marital property.[6] Point I is granted. The part of the judgment dividing marital property will be reversed and the case remanded with directions that the trial court award wife an additional $20,000 to effect a just division of marital property. *See Ibrahim v. Ibrahim,* 825 S.W.2d 391, 399 (Mo.App.1992), *citing Calia v. Calia,* 624 S.W.2d 870, 872 (Mo.App. 1981). That amount is to be paid by husband in addition to the money judgment wife was previously awarded.

Point II contends the trial court erred in not awarding wife attorney fees "because of the disparity of income and future earning capacity of the parties as well as the award of virtually all of the marital property, including the marital home, to [husband]."

■ Although § 452.355 permits a trial court to award attorney fees to a party to a dissolution action, generally, each party bears the expense of their attorney fees. *Nelson v. Nelson,* 937 S.W.2d 753, 757

---

**5.** Wife's son lived with the parties following their marriage. The son continued living with his mother following the separation.

**6.** The trial court awarded judgment of $1,350 to compensate wife for the automobile she possessed that husband destroyed and an additional $4,000 to adjust the discrepancy in the division of marital property.

(Mo.App.1997). The award of attorney fees is discretionary and will be reversed only for an abuse of discretion. *Glenn v. Glenn,* 930 S.W.2d 519, 525 (Mo.App.1996). Considering the disposition of Point I, this court concludes the denial of wife's request for attorney fees is not error. Point II is denied.

The part of the judgment dividing marital property is reversed. The case is remanded. The trial court is directed to order husband to pay wife $20,000 in addition to the money judgment heretofore entered against husband to effect a just division of marital property. In all other respects, the judgment is affirmed.

PREWITT and RAHMEYER, JJ., concur.