Judge Rosemary Ledet
11 This appeal involves a claim by a third party plaintiff—Tracage Development, L.L.C. (“Tracage”)—against a third party defendant—Joshua Rubenstein. From a judgment granting the third party defendant’s special motion to strike under La. C.C.P. art. 971 and peremptory exception of no cause of action, the third party plaintiff appeals. For the reasons that follow, we affirm the trial court’s judgment granting the exception of no cause of action and reverse its judgment granting the motion to strike.
FACTUAL AND PROCEDURAL BACKGROUND
This case arises out of a protracted dispute over Tracage’s plans to construct a condominium tower on property located in the New Orleans Warehouse District. The Lengsfield Lofts Condominium (“Lengs-field”) is an adjacent development. Objecting to Tracage’s plans, certain Lengsfield units owners (the “Lengsfield Plaintiffs”) and the Lengsfield Lofts Condominium Owners’ Association, Inc. (the “LLCOA”) filed multiple lawsuits.[1] Attempting to re *938 solve- these disputes, the 12Lengsí'ield Plaintiffs—except for Mr. Rubenstein— and the LLCOA entered into a settlement agreement with Tracage. Claiming that Tracage violated the settlement agreement, .two of the settling unit owners— Russ and Sandra Herman—and the LLCOA filed this suit against Tracage.[2]
Tracage not only answered the suit, but also filed a reconventionah demand against the plaintiffs—Mr. and Mrs! Merman and the LLCOA—and a third party demand against Mr. Rubenstein.[3] The third party demand against Mr. Rubenstein alleged only an abuse of right cause of action. In particular, Tracage alleged that the multiple lawsuits Mr. Rubenstein had filed against it were meant to increase costs and to harass it. Tracage further alleged that ML Rubenstein “fomented litigation” and opposed its construction project at “every turn for the sole malicious purpose of causing Tracage damage.” Tracage still further alleged that, in a July 28, 2006 telephone conversation with one of its representatives, “[Mr.] ^Rubenstein demanded that Tracage pay him $200,000 in exchange for [Mr,] Rubenstein not opposing or holding up the Tracage development” and that Mr. Rubenstein “advised he would ‘let the courts decide’ where he could interfere, indicated he intended to span litigation regardless of whether-it had merit for the sole purpose of harming Tracage.”
In response, Mr. Rubenstein filed a special motion to strike pursuant to La. C.C.P. art. 971 as well as multiple exceptions, including a peremptory exceptions of no cause of action and prescription. In the motion to strike, Mr. Rubenstein contended that he could establish a prima facie case that the matter arises from an act in furtherance of his right and in relation to a public issue and that Tracage could not demonstrate a probability of success of its abuse of right claim against him.
On June 26, 2015, the trial court denied Mr. Rubenstein’s motion to strike on the grounds that the abuse of right claim “need[ed] to be developed at trial.” From that ruling, Mr. Rubenstein filed a writ application. On October 21, 2015, another panel of this court denied the writ.[4] Thereafter,’the trial court, on its own motion, set a hearing to reconsider Mr. Rubenstein’s special motion to strike and his pending exceptions. On October 26, 2015, the hearing was held; and the trial court rendered judgment granting the special motion to strike, awarding $5,000 in |4attorney’s fees against Tracage, granting the exception of no cause of action, and denying the excep *939 tions of prescription and prematurity.[5] This appeal followed.
STANDARD OF REVIEW
Appellate courts review a trial court’s ruling on a special motion to strike using the de novo standard of re-view because it involves an issue of law; the issue on review 'is thus whether the trial court was legally correct. See Melius v. Keiffer, 07-0189, p. 2 (La.App. 4 Cir. 3/12/08), 980 So.2d 167, 170 (citing Lamz v. Wells, 05-1497, p. 3 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 795; Aymond v. Dupree, 05-1248, p. 5 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 726). Likewise, appellate courts review a trial court’s ruling on an exception of no cause of action using the de novo standard of review “ ‘because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition.’” Fink v. Bryant, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349 (quoting City of New Orleans v. Board of Commissioners, 93-0690 (La. 7/5/94), 640 So.2d 237, 253); Schmidt v. Schmidt, 08-0263, p. 4 (La.App. 4 Cir. 2/11/09), 6 So.3d 197, 200 (quoting Bizcapital Business & Industrial Development Corp. v. Union Planters Corp., 03-2208 (La.App. 4 Cir. 9/8/04), 884 So.2d 623, 625). We separately address the trial court’s rulings granting the exception of no cause of action and the special motion to strike.[6]

The exception of no cause of action

 The Louisiana Supreme Court has summarized the law regarding the peremptory exception of no cause of action as follows:
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La. 1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Ramey v. De-Caire, p. 7, 869 So.2d at 118. No evi *940 dence may be introduced to support or controvert an exception of- no cause of action. La.Code Civ. Proc. art. 931. Consequently/ the court reviews the petition and accepts well-pleaded allegations of fact as true. Ramey v. DeCaire, p. 7, 869 So.2d at 118; Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La. 5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ramey v. DeCaire, p. 6, 869 So.2d at 118; Montalvo v. Sondes, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131.
State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C., 10-2264, p 8-9 (La. 5/10/11), 63 So.3d 940, 945-46. The mover has the |6burden of demonstrating that a petition fails to state a cause of action. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 119.
In support of his exception of no cause of action, Mr. Rubenstein contended that Tracáge’s third party demand against him, asserting an abuse of right claim, was not a valid third party demand. He emphasized that, pursuant to La. C.C.P. art. 1111, a third party plaintiff must allege and prove that a third party defendant is liable to him for all or part of the principal demand to be successful. Mr. Rubenstein pointed out that even if accepted as true, Tracage’s claim against him in no way made him a warrantor of Tracage or liable to Tracage for all or part of the principal demand. He further pointed out that the third party demand did not allege that he agreed to indemnify Tracage for its breach of the settlement agreement or that he caused Tracage’s breach of the settlement agreement. As a result, he contended that the third party demand failed to state a cause of action against him as a third party defendant. He submitted that the claim against him, assuming it was valid, should have been brought as an independent suit and not included in this suit as a third party demand.
Conceding its procedural error, Tracage acknowledged—in both the trial court and in its brief to this court—that its third party demand against Mr. Rubenstein was procedurally improper. Stated otherwise, Tracage acknowledged that it was not claiming either that Mr. Rubenstein was liable to it for all or part of the principal demand or that Mr. Rubenstein was its warrantor. Nonetheless, Tracage contended that it stated a cause of action against Mr. Rubenstein for abuse of right. In support, Tracage pointed out that its abuse of right claim against Mr. Rubenstein arose out of the same facts and raised the same legal issues as those raised in its reconven-tional demand against Mr. and Mrs. Herman and the LLCOA. [7Tracage thus contended that La. C.C.P. arts. 463[7] and 1064[8] allowed it to join Mr. Rubenstein in this suit.
*941 The governing rules regulating the filing of a third party demand are La. C.C.P. arts. 1033 and 1111. Pizani v. St. Bernard Parish, 12-1084, p. 4 (La.App. 4 Cir. 9/26/13), 125 So.3d 546, 550, writ denied, 13-2601 (La. 2/7/14), 131 So.3d 863. Article 1033 provides that “[a]n incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.” La. C.C.P. art. 1111 provides that a “defendant in a principal action by petition may bring in any person, including, a code-fendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
A third party demand is a device principally used for making claims of contribution or indemnity in the event the defendant loses on the principal demand. Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94, 95 (La. 1980) (citing Avegno v. Byrd, 377 So.2d 268, 273 (La. 1979)). When a third party demand does not allege facts indicating that the third party defendant is either a |swarrantor of the third party plaintiff, or is liable for all or part of the principal demand, the third party demand fails to state a cause of action. See Boyer v. Trinity Universal Ins. Co. of Kansas, Inc., 576 So.2d 444, 446 (La. 1991); Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94, 95-96 (La. 1980); Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 732 (La. 1973). Such is the case here.
Nonetheless, Tracage contends that the trial court erred in granting the exception of no cause of action. In support, Tracage labels Mr. Rubenstein’s exception of no cause of action a “form-over-substance argument,” Tracage cites the settled principles that “[c]ourts look beyond mere headings and the terminology used on or in pleadings to determine the circumstances and true nature of the suit” and that “[i]t is the substance, rather than the caption of a pleading, that determines its effect.” The gist of Tracage’s argument is that its third party demand should have been recast to read that Mr. Rubenstein is a “defendant-in-reconvention.”
The jurisprudence is well settled that a court “may overlook the miscaptioning of a pleading if the other party is not prejudiced.” 1 La. Civ. L. Treatise, CIVIL PROCEDURE § 7:1 (2d ed.) (citing Higdon v. Higdon, 385 So.2d 396 (La.App. 1st Cir. 1980); Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La. App. 3d Cir.1969)). By statute, “[ejvery pleading shall be so construed as to do substantial justice.” La. C.C.P. art. 865. Substantial justice, as a commentator has noted, “applies to all parties; thus the court, in determining whether to construe a pleading so as to avoid harm to the pleader, also must consider the possibility that the party against whom the pleading was filed may be surprised or prejudiced by the construction.”’ 1 La. Civ. L. Treatise, CIVIL PROCEDURE § 6:1 (2d ed.).
|9In this case, the captioning of the pleading at issue—the third party demand—affects the disposition of the issues on appeal. As explained elsewhere in this opinion, the special motion to strike, by statute, is inapplicable to a third party demand. We thus find it inappropriate to reclassify Tracage’s third party demand against Mr. Rubenstein as a reconventional demand. As discussed above, Tracage’s third party demand fails to state a cause of action. Accordingly, we find the trial court did not err in granting Mr. Rubenstein’s exception of no cause of action.[9]

*942
Special motion to strike

The governing statutory provision on the special motion to strike is La. C.C.P. art. 971, which provides, in part, as follows:
A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the .claim,'
La. C.C.P. art. 971 A(l). The statutory provision also includes the following pertinent definitions:
• “Petition” includes either a petition or a reconventional demand. La. C.C.P. art. 971 F(2).
• “Plaintiff’ includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention. La. C.C.P. art. 971 F(3).
• “Defendant” includes either a defendant or respondent in a principal action or a defendant or respondent in reconvention. La. C.C.P. art. 971 F(4).
|inBy statutory definition, the special motion to strike applies only to “a petition or reconventional demand.” Lyons v. Knight, 10-1470, p. 11 (La.App. 3 Cir. 5/11/11), 65 So.3d 257, 265.
In determining the applicability of the special motion to strike provision, La. C.C.P. art. 971 A(2) directs that “the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.” Id. Moreover, the Louisiana Supreme Court has instructed that courts should consider “the applicability of La. Code Civ. Proc. art. 971 based on the showing made, i.e., plaintiffs petition as presently drafted,” Hebert v. Louisiana Licensed Prof'l Vocational Rehab. Counselors, 08-412 (La. 5/9/08), 981 So.2d 21 (“remand[ing] to the court of appeal to address the applicability of La.Code Civ. Proc. art. 971 based on the showing made, i.e., plaintiffs petition as presently drafted.”)
Applying these principles here, we find that the special motion to strike provision is inapplicable to Tracage’s third party demand against Mr. Rubenstein. Tra-cage’s petition, as presently drafted, joins Mr. Rubenstein by third party demand.[10] A third party demand is not one of the pleading to which the special motion to strike applies; it is neither á petition nor a reconventional demand. For this reason, we reverse the trial court’s ruling granting the motion to strike and the accompanying attorneys’ fees award.
In his answer to the appeal, Mr. Ruben-stein seeks an additional award of attorneys’ fees in connection with his defense of Tracage’s appeal of the trial court’s judgment granting of his special motion to strike. This request is rendered himoot by our reversal of the grant of the motion to strike. In the alternative, Mr. Rubenstein also requests that, in the event this court reverses the trial court’s ruling on the motion to strike, this court rule that the trial court erred in denying his exceptions of prescription and prematurity. Given that we affirm the trial court’s ruling granting Mr. Rubenstein’s exception of no cause of action, we find this issue likewise is moot.
DECREE
For the foregoing reasons, the judgment of the trial court granting Mr. Ruben- *943 stein’s peremptory exception of no cause of action is affirmed; and the judgment of the trial court granting Mr. Rubenstein’s special motion to strike pursuant to La. C.C.P. art. 971 and the associated award of attorneys’ fees against Tracage is reversed. .
AFFIRMED IN PART; REVERSED IN PART

. This dispute has come before this court on multiple occasions. See Herman v. City of New Orleans, 14-0891 (La.App. 4 Cir. 1/21/15), 158 So.3d 911, writ denied, 15-0354 (La. 4/24/15), 169 So.3d 363 (affirming the trial court’s denial of Lengsfield Plaintiffs’ and the LLCOA’s request for a preliminary injunction); Ruben-stein v. City of New Orleans, 07-1211 (La.App. 4 Cir. 4/30/08), 982 So.2d 964, writ denied, 08-1437 (La. 10/3/08), 992 So.2d 1015 (affirming denial of declaratory relief in suit by condominium owner—Mr. Rubenstein—seek-ing to stop the City of New Orleans from issuing a building permit to a developer for *938 construction of a condominium tower adjacent to condominium owner’s building).

.The plaintiffs also filed a “Notice of Prior Filing or Multiple Filing” to inform the trial court that they had filed their breach of settle- . ment claim as an intervention in another, related suit that was pending in a different division of Orleans Parish Civil District Court ("CDC”). The notice further indicated that their intervention had been dismissed without prejudice on February 28, 2014, in response to Tracage’s exceptions, to be refiled in the division in which the underlying actions or original case was allocated. See CDC Local Rule 9.3 (providing that "[t]o achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of this court that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending.”)

. Also named as defendants were three other Tracagé related settling defendants—TWI Development, L.L.C.; Gaiennie, L.L.C,; and Spectrum Capital, L.L.C. Only Tracage answered and filed a reconventional and third party demand. We thus reference only Tra-cage. We note, however, that this appeal was .filed on behalf of all four entities.

. Herman v. Tracage Development, L.L.C. v. Rubenstein, 15-0785 (La. App. 4 Cir. 10/21/15) (unpub.).

. The trial court's oral reasons for judgment were as follows:
Mr. Rubenstein has proven that he has exercised his right to free speech on a public issue and that is what Tracage’s complaint is against him. So the burden then shifts to Tracage to prove a probability of success, and they've made no such, showing. So the motion to strike is granted. And the statute says that when a party is successful in bringing a motion to strike, he shall be awarded attorney’s fees, so I’m going to award [$]5,000 in attorney’s fees plus the cost of bringing these proceedings.
As to the exception of no cause of action, the trial court reasoned as follows:
I think that the jurisprudence is consistent that third-party demand and reconven-tional demands really, have to emanate from the same transaction: that is, the subject of the main demand that is by way of guarantee or indemnification. Therefore, the exception of no cause of action is also granted.

. On appeal, Tracage asserts .the following three assignments of error: .
1. Two Louisiana appellate courts have held that the special .motion to strike cannot be applied to defeat a claim for abuse of right. Despite this, the trial court dismissed Tra-cage’s abuse of right claim against Ruben-stein when it granted the special motion to strike.
2. Alternatively, the trial court wrongly granted Rubenstein’s motion to strike given that Tracage demonstrated a probability of success on the merits.
3. Because Tracage stated a cause of action for abuse of right against Rubenstein, the trial court erred when it granted Ruben-stein’s exception.

. La. C.C.P. art. 463 provides for cumulation of actions, stating:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3)All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

. La. C.C.P. art. 1064 provides for addition of parties to a reconvention demand, stating that "[plersons other than those made parties to *941 the original action may be made parties to the reconventional demand.”

. We note that no request was made to allow Tracage an opportunity tó amend pursuant to La. C.C.P. art. 934. We thus decline to do so.

. As discussed above, we decline Tracage’s request to recast its petition to read that Mr. Rubenstein is a "defendant-in-reconvention.”