| DOROTHY ROSS | * | NO. 2022-CA-0652 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| STATE OF LOUISIANA | * | |
| THROUGH THE UNIVERSITY | | FOURTH CIRCUIT |
| OF LOUISIANA SYSTEM, | * | |
| UNIVERSITY OF NEW | | STATE OF LOUISIANA |
| ORLEANS AND SENATOR | * * * * * * * | |
| NAT G. KIEFER UNIVERISTY | | |
| OF NEW ORLEANS | | |
| LAKEFRONT ARENA | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-03912, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Robert E. Kerrigan, Jr.
Jose R. Ruiz
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLEE

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804—9005

Craig J. Hebert, AAG
Amber Mandina Babin, AAG
LA Attorney General's Office
Dept. of Justice
1450 Poydras St., Ste. 900
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLANT

                 **REVERSED AND REMANDED**
                 **FEBRUARY 13, 2023**

*TG*
*CT*
*FL*

Third-Party Defendant/Appellant, State of Louisiana through University of Louisiana System, University of New Orleans and Senator Nat G. Kiefer University of New Orleans Lakefront Arena (hereinafter collectively referred to as "UNO") seeks review of the trial court's June 29, 2022 judgment granting an exception of no cause of action filed by Algiers Charter School Association, Inc. (hereinafter "ACSA"). After consideration of the record before this Court and the applicable law, we reverse the trial court's judgment granting ACSA's exception of no cause of action and remand the case to the trial court for further proceedings.

**Facts and Procedural History**

On February 2, 2012, UNO entered into a Licensing Agreement (hereinafter "the Agreement") with O. Perry Walker College Career Preparatory High School, a school owned and operated by ACSA, whereby UNO granted the school limited use of the Senator Nat G. Kiefer University of New Orleans Lakefront Arena (hereinafter "the Arena") for its May 12, 2012 graduation ceremony.

1

During the graduation ceremony, Ms. Dorothy Ross (hereinafter "Ms. Ross") alleges that she slipped and fell inside the Arena and suffered injuries. Ms. Ross filed a petition for damages on April 24, 2013, naming UNO as the sole defendant. Thereafter, UNO filed a motion for leave of court to file a third party demand seeking to name ACSA and ACSA's insurer, Lexington Insurance Company (hereinafter "Lexington"), as third-party defendants. UNO's third-party demand alleges that ACSA breached its obligations under Clauses 3, 19, and 25 of the Agreement.[1]

On April 20, 2020, Ms. Ross filed an unopposed motion to amend her original petition for damages, naming ACSA and Lexington as additional defendants. The amended petition alleges that her injuries and damages were a

---

[1] The Agreement provides, in pertinent part:

**Clause 3**: INSURANCE: Licensee and all of its subsidiaries and parent companies agree to obtain at its own expense and to keep in full force and effect during the use or occupancy of the premises the following insurance policies with a company authorized to do business in Louisiana;
EVIDENCE OF INSURANCE DUE UPON EXECUTION OF CONTRACT.

| Workmen's Compensation | Statutory |
|---|---|
| Comprehensive General Liability: | $1.000.000.00 |

The comprehensive general liability coverage is to include contractual liability applicable to the indemnification provisions of this license. The University of New Orleans shall be named as an additional insured for all coverage and ten (10) days prior to the Commencement Date the Licensee shall furnish the University with a certificate of insurance as evidence that the required coverage is in effect.

**Clause 19**: INDEMNIFICATION. Licensee and all of its subsidiaries and parent companies will protect, indemnify, save and hold harmless the University, its officers, agents, servants and employees, from and against any and all claims, demands, expense and liability arising out of injury or death to any person or the damage, loss or destruction of any property which may occur on or about the premises or which may arise from, or in any way grow out of any act or omission of the Licensee, its agents, subcontractors, servants, and employees or the use and occupancy of the premises by the Licensee or anyone using or occupying said premises as a patron or an invitee of Licensee, and from any and all costs, expenses and/or reasonable attorney's fees incurred by University as a result of any such claim, demand, and/or causes of action, except for such damages arising out of injuries or property damage caused by the sole negligence of the University, its agents and employees.

**Clause 25:** ATTORNEY FEES. If suit of action is instituted by the University to enforce compliance with this license, the University shall be entitled to recover reasonable attorney's fees and costs and expenses from this Licensee.

result of UNO, ACSA, and Lexington's negligence in failing to properly light the Arena and failing to warn guests of hazardous conditions.

ACSA filed an answer and exception of no cause of action to both Ms. Ross' amended petition and UNO's third party demand. ACSA denied liability contending that UNO was solely liable for any injuries or damages alleged by Ms. Ross.

Following a January 21, 2022 hearing on ACSA's exception of no cause of action, the trial court granted the exception of no cause of action and ordered UNO to amend its third party demand against ACSA on or before March 7, 2022. UNO's amended third party demand specifically alleges: (1) ACSA failed to furnish UNO with a valid certificate of insurance coverage as required by the Agreement; (2) ACSA failed to indemnify UNO; and (3) UNO is entitled to reasonable attorney's fees, costs, and expenses.

On April 19, 2022, ACSA filed a second exception of no cause of action maintaining that Clause 19 of the Agreement precludes liability for Ms. Ross' damages or injuries because her injuries were caused by the sole negligence of UNO. The trial court granted the exception of no cause of action dismissing all claims by UNO against ACSA, with prejudice. This timely appeal followed.

**Standard of Review**

This Court reviews a trial court's ruling on an exception of no cause of action under the *de novo* standard of review. *Herman v. Tracage Development, L.L.C.*, 2016-0082, p. 4 (La.App. 4 Cir. 9/21/16), 201 So.3d 935, 939. "The pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Maw Enterprises, L.L.C. v. City of Marksville*, 2014-0090, p. 6 (La. 9/3/14), 149 So.3d 210, 215.

## Discussion

On appeal, UNO argues that the trial court erred in granting ACSA's exception of no cause of action. Specifically, it avers that the amended third party demand sufficiently states a breach of contract claim against ACSA.

"A peremptory exception of no cause of action questions whether the law affords a remedy against a particular defendant under the factual allegations of a petition." *Niang v. Dryades YMCA School of Commerce, Inc*. 2019-0425, p. 4 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 509. "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition." *Maw Enterprises, L.L.C.,* 2014-0090, p. 6, 149 So.3d at 215.

A trial court begins with the premise that all facts pled in the petition are true. *Id*. In deciding on an exception of no cause of action, a court considers the petition, any attachments to the petition, and any amendments to the petition. *See Niang*, 2019-0425, pp. 4-5, 286 So.3d at 509 (citation omitted). The mover carries the burden of demonstrating that a petition fails to state a cause of action. *Maw Enterprises, L.L.C.*, 2014-0090, p. 6, 149 So.3d at 215. "However, the mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action." *Ross v. State through Univ. of Louisiana System*, 2022-0382, p. 8 (La.App. 4 Cir. 11/18/22), 352 So.3d 90, 95.

La. C.C.P. art. 1111 provides that a "defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." Further, a third party demand is generally used to make claims of "contribution or indemnity in the event the defendant loses on the principal demand." *Herman*, 2016-0082, p. 7, 201 So.3d at 941 (citation omitted). However, a third party demand fails to state a cause of action when it fails to allege facts that indicate whether the third party

4

defendant is either a warrantor of the third party plaintiff or is liable for all or part of the principal demand. *Id.,* 2016-0082, p. 8, 201 So.3d at 941 (citation omitted).

UNO argues that its amended third party demand sets forth a valid cause of action for breach of contract and ACSA breached the terms of the contract as follows: (1) failed to perform the obligations, pursuant to clause 3 of the Agreement, by not obtaining the required insurance; (2) failed to produce a valid certificate of insurance as evidence of coverage pursuant to clause 3 of the Agreement; (3) failed to protect and indemnify UNO for the injury or damages of any person on the premise pursuant to clause 19 of the Agreement; and (4) failed to provide UNO with reasonable attorney's fees, costs, and expenses from the Agreement pursuant to clause 25 of the Agreement. UNO maintains that the trial court erred by making the factual determination that ACSA does not have to indemnify UNO for any injuries or damages that arise from UNO's sole negligence thus concluding that UNO is solely at fault for Ms. Ross' alleged injuries.

ACSA argues that the trial court did not err in granting its exception of no cause of action as it is not liable for any of Ms. Ross' injuries because her injuries arise from conditions outside of its control, namely, lighting, seat height, stairs not being uniform and "other acts of negligence to be proven at trial." In support of its exception of no cause of action, ACSA contends that UNO's third party demand, pursuant to Clause 19 of the Agreement, fails to assert a valid claim of defense and/or indemnification; contains legal conclusions; and fails to allege any facts to support its allegation that ACSA caused or contributed to Ms. Ross' accident. The crux of ACSA's argument is that UNO's third party demand fails to state a valid breach of contract claim.

Our review of UNO's third party demand and amended third party demand, reveals that UNO does in fact state a valid cause of action against ACSA. "The party claiming the rights under the contract bears the burden of proof." *1100 South*

5

*Jefferson Davis Parkway, LLC v. Williams*, 2014-1326, p. 5 (La.App. 4 Cir. 5/20/15), 165 So.3d 1211, 1216 (citation omitted). In order to show a breach has occurred the party claiming rights must show that a contract exists, the party's breach thereof, and the resulting damages. *Id*.

UNO and ACSA entered into a contract on February 2, 2012, this fact is not in dispute. The terms were set forth in the Agreement. UNO alleges that ACSA breached the Agreement by failing to provide protection and indemnification against Ms. Ross' claims as required in clause 19 of the Agreement which provided that ACSA "indemnify, save and hold harmless, the University…from and against any and all claims, defenses, expense and liability arising out of injury or death to any person...which may occur on or about the premises."

Furthermore, UNO alleges that ACSA failed to name UNO as an additional insured and provide it with proof of insurance as required in clause 3 of the Agreement. Clause 3 provided that ACSA "and all of its subsidiaries and parent companies agree to obtain as its own expense and to keep in full force and effect during the use or occupancy of the premises" a comprehensive general liability policy of $1,000,000.00. Clause 3 further provided that ACSA's general liability coverage was to include "contractual liability applicable to the indemnification provisions" within the Agreement.

UNO also alleges that ACSA denied UNO's request for reasonable attorney fees, costs, and expenses within this litigation as set forth in clause 25 of the Agreement. Clause 25 states "[i]f suit or action is instituted by [UNO] to enforce compliance with this license, [UNO] shall be entitled to recover reasonable attorney's fees and costs and expenses from [ACSA]." UNO's third party demand clearly alleges that it has suffered financial damages as a result of this litigation.

A third party demand states a cause of action when it alleges facts that the third party defendant is liable for all or part of the principal demand or that they are

6

a warrantor of the third party plaintiff. *See Herman*, 2016-0082, pp.7-8, 201 So.3d at 941. UNO has adequately pled sufficient facts establishing the existence of a contract with ACSA. UNO states a breach of contract claim when it specifically alleges ACSA breached several clauses [clauses 3, 19, and 25] of the Agreement. Lastly, UNO alleges financial expenses were incurred as a result of this litigation. Although Clause 19 of the Agreement between UNO and ACSA states that UNO will not be indemnified by ACSA for any injuries or damages that arise out of its sole negligence, UNO or ACSA's alleged negligence in Ms. Ross' fall and subsequent injuries remains disputed and has yet to be determined by the trier of fact.

Our *de novo* review indicates that UNO's third party demand and amended third party demand states a valid cause of action and sets forth sufficient facts asserting a valid cause of action. Thus, we find the trial court erred in granting ACSA's exception of no cause of action.

## Decree

For the foregoing reasons, we find that the trial court erred in granting ACSA's exception of no cause of action. Accordingly, we reverse the June 29, 2022 judgment and remand the case to the trial court for further proceedings.

**REVERSED AND REMANDED**