| | | |
|---|---|---|
| **ARONA T. WALKER AND** | * | **NO. 2024-C-0564** |
| **ARONA T. WALKER ON** | | |
| **BEHALF OF LEONA C.** | * | |
| **WALKER, DECEASED** | | **COURT OF APPEAL** |
| | * | |
| **VERSUS** | | **FOURTH CIRCUIT** |
| | * | |
| **KATE BROWN, M.D. AND** | | **STATE OF LOUISIANA** |
| **HER INSURANCE D.E.F.** | * * * * * * * | |
| **INSURANCE AND LOUISIANA** | | |
| **STATE UNIVERSITY SCHOOL** | | |
| **OF MEDICINE IN NEW** | | |
| **ORLEANS, FACULTY GROUP** | | |
| **PRACTICE, A/K/A LSU** | | |
| **HEALTH HEALTHCARE** | | |
| **NETWORK AND ITS** | | |
| **INSURANCE, X.Y.Z.** | | |
| **INSURANCE** | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10981, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)


Liz Murrill, Attorney General
Timothy R. Wynn, Assistant Attorney General
Louisiana Department of Justice, Litigation Division
330 Marshall Street, Suite 777
Shreveport, LA 71101

Mary Katherine F. Koch, Assistant Attorney General
Louisiana Department of Justice, Litigation Division
1450 Poydras Street, Suite 900
New Orleans, LA 70112

COUNSEL FOR RELATOR, KATE BROWN, M.D.

Stephen N. Chesnut
1413 Chartres Street, Suite A
New Orleans, LA 70116

COUNSEL FOR RESPONDENT, ARONA T. WALKER

**WRIT GRANTED; REVERSED**

**JANUARY 27, 2025**

This is a tort claim. Relator/defendant, Kate Brown, M.D. ("Dr. Brown"), seeks supervisory review of the district court's July 29, 2024 judgment denying Dr. Brown's peremptory exception of no cause of action filed as to the second amending petition by plaintiff/respondent, Arona T. Walker ("Walker"). For the reasons that follow, we grant the writ, we reverse, and we render judgment granting the exception and dismissing all claims against Dr. Brown.

## FACTS AND PROCEDURAL HISTORY

The underlying litigation stems from Walker's claim that Dr. Brown failed to timely complete and sign (or refuse to sign) the death certificate of Leona C. Walker ("Decedent"), Walker's deceased, adult daughter, who had special needs and lived with Walker. Dr. Brown was Decedent's primary care physician. Walker brought the instant litigation against Dr. Brown; Dr. Brown's alleged employer, Louisiana State University School of Medicine in New Orleans Faculty Group Practice, a Louisiana Non-Profit Organization, d/b/a LSU Healthcare Network; and their alleged insurers.

1

The case has been appealed to this Court on two prior occasions. *See Walker v. Brown*, 23-0261 (La. App. 4 Cir. 9/22/23), 372 So.3d 845 (vacating default judgment against Dr. Brown); *Walker v. Brown*, 24-0198 (La. App. 4 Cir. 5/17/24), 390 So.3d 427 (granting supervisory writ; vacating summary judgment; and remanding for contradictory hearing). Since the inception of the litigation, Walker has filed an original and three amending petitions for damages. Walker has not brought any claim against the funeral home or the coroner in this litigation. Whether Walker may have a cause of action to bring such claims is not presently before this Court. The single issue currently before this Court is whether Walker's petitions state a cause of action under which the law provides any remedy against Dr. Brown.

On December 2, 2022, Walker filed her original petition for damages alleging the following. On December 3, 2021, Decedent was pronounced dead at her residence. The police, New Orleans Emergency Medical Services, and the New Orleans Coroner's Office were called and responded. The coroner advised Walker that no autopsy or investigation was necessary and that Dr. Brown must be informed of the death. The police and coroner notified the funeral home, D.W. Rhodes Funeral Home ("Rhodes"), to obtain the body. According to the petition, on December 7, 2021, Rhodes unsuccessfully attempted to send Decedent's death certificate electronically to Dr. Brown for her signature. Thereafter, Walker and Rhodes attempted to contact Dr. Brown both by phone and electronically on several occasions, but the death certificate was not signed. On January 11, 2022,

2

Rhodes spoke with Dr. Brown's office and learned that Dr. Brown was not registered with the Louisiana Electronic Event Registry System (LEERS) and could not receive the death record electronically for her signature. On February 15, 2022, Dr. Brown's office informed Rhodes that the Louisiana Department of Vital Records was awaiting a registration application from the funeral home. According to Rhodes, "the doctors themselves should have registered" with the Department of Vital Records. Rhodes then provided to Dr. Brown via email a registration application, which was publicly available on the internet. On March 11, 2022, Walker contacted Dr. Brown's supervisors and left a message. On March 14, 2022, Walker spoke with "Ms. Biagas (representative)," "Attorney Jim Hritz and Dr. Jane Weitz," and on the same date, Dr. Brown signed the death certificate at her supervisors' direction. On March 25, 2022, Walker received the death certificate. Walker alleged that, because of Dr. Brown's delay in signing the death certificate, she sustained pain, stress, aggravation of a pre-existing medical condition, depression, anxiety, and sleepless nights.

On December 29, 2023, Walker filed a first amending petition, in which she alleged that Dr. Brown assumed the duty to sign the death certificate and the responsibility of determining the cause of death when she signed the death certificate. On May 2, 2024, Walker filed a second amending petition. She alleged that Dr. Brown's failure to timely return the original death certificate, either signed or unsigned, prevented Rhodes from filing the death certificate with the local

registrar. According to the second amending petition, Dr. Brown failed to inform Rhodes that she would not sign the death certificate.[1]

On May 10, 2024, Dr. Brown filed a peremptory exception of no cause of action, arguing that Louisiana law provides no legal duty for Dr. Brown to sign the death certificate. Dr. Brown further argued that she did not assume a duty to Walker. Instead, she argued, under La. R.S. 40:49, where the death occurred at home without medical attendance, the funeral director was required to immediately notify the local registrar so that the coroner could perform the mandated investigation and certification. In her June 18, 2024 opposition to the exception, Walker contended that her claim sounds in negligence and gross negligence, in that Dr. Brown negligently failed to return the original death certificate to the funeral home, which prevented the funeral home from filing the original. Walker also claimed that the local registrar could not send out another original without the return of the first one.

On June 27, 2024, a hearing went forward on the exception. On July 29, 2024, the district court rendered judgment overruling the exception of no cause of action. Dr. Brown timely brought an application for supervisory writ, arguing that the exception should be granted and all claims against her should be dismissed with prejudice.

---

[1] Walker also filed a third amending petition to provide an email address for service of process, but no additional facts are alleged that are relevant to this writ application.

4

## LAW AND ANALYSIS

Appellate courts review a ruling on a peremptory exception of no cause of action under the *de novo* standard of review because the exception raises a question of law. *Herman v. Tracage Dev., L.L.C.*, 16-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939 (citation omitted). The function of the exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy to anyone on the facts alleged in the petition. *Id.*, 16-0082, p. 5, 201 So.3d at 939 (citation omitted). In reviewing the petition, the court must accept the well-pleaded allegations of fact as true. *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118. However, the court is "not compelled to accept a party's legal conclusions as facts," and legal conclusions asserted in the petition "are not considered well-pled factual allegations for purposes of an exception of no cause of action." *Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-0654, pp. 5-6 (La. App. 4 Cir. 12/17/21), 335 So.3d 349, 353 (citations omitted).

The party filing the exception bears the burden to demonstrate that the petition states no cause of action. *Ramey*, 03-1299, p. 7, 869 So.2d at 119. "In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled

5

in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*

Walker claims that she sustained damages due to Dr. Brown's failure to timely sign and return the medical portion of her deceased daughter's death certificate. She asserts that her claims arise in negligence and gross negligence. As this Court explained:

> Both ordinary negligence and gross negligence are analyzed under a duty-risk analysis. Though gross negligence and ordinary negligence have distinct meanings, they are both forms or different degrees of negligence. The lack of care on the part of the tortfeasor distinguishes ordinary negligence from gross negligence. The duty-risk analysis requires the plaintiff to prove four distinct elements: (1) existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) the breach is a cause in fact of damage; and (4) actual damage was sustained by the plaintiff.

*Bradix v. Advance Stores Co., Inc.*, 17-0166, p. 7 (La. App. 4 Cir. 8/16/17), 226 So.3d 523, 529 (internal citations and quotations omitted).

The existence of a duty is a question of law, wherein the court's inquiry "is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Farrell v. Circle K Stores, Inc.*, 22-00849, p. 6 (La. 3/17/23), 359 So.3d 467, 473 (citations omitted).

Louisiana Revised Statute 40:47 states the general requirement that "[a] certificate of every death … shall be filed with a registrar within five days after its

occurrence." More specifically, La. R.S. 40:49 imposes enumerated duties

concerning death certificates on the funeral director, coroner, and physician last in

attendance upon the deceased.[2] The relevant portions of La. R.S. 40:49 provide:

> A. The funeral director or person acting as such shall prepare and file the certificate of death or spontaneous fetal death or stillbirth provided for in R.S. 40:47.
>
> B. In preparing a certificate of death or spontaneous fetal death or stillbirth, he shall:
>
> (1) First obtain and enter on the certificate the personal data required by the state registrar from the person best qualified to supply such data.
>
> (2) Except as provided in Paragraph (4) of this Subsection, if the death occurred with medical attendance, present the certificate of death to the physician last in attendance upon the deceased, who shall certify over his signature within twenty-four hours the cause of death to his best knowledge and belief; or, if the spontaneous fetal death occurred with any person in attendance, present the certificate of spontaneous fetal death to the physician, midwife, or other person in attendance at the spontaneous fetal death for the certification of the fact of spontaneous fetal death and such medical data pertaining to the spontaneous fetal death as the physician or midwife can furnish in his professional capacity.
>
> (3) Except as provided in Paragraph (4) of this Subsection, if the death occurred without medical attendance, or if the physician or midwife or other person last in attendance at the death or spontaneous fetal death refuses or for any reason fails to sign the certificate, immediately notify the appropriate local registrar. The local registrar shall, prior to issuing a permit for burial, cremation, or other disposition of the body, inform the coroner, and refer the case to him for immediate investigation and certification of the information required

---

[2] We have not located any reported case interpreting La. R.S. 40:49. Walker cites to *Morris v. Jones Funeral Home, Inc.*, 20-1002 (La. App. 1 Cir. 6/18/21), 328 So.3d 472, wherein a plaintiff brought an action against a funeral home alleging a violation of La. R.S. 40:47 for failure to file a death certificate within five days. No similar claim against the funeral home is raised in this litigation.

under Paragraph (2) of this Subsection. Provided, however, that nothing in this Section shall be construed to require an investigation, autopsy or inquest in any case where death occurred without medical attendance solely because the deceased was under treatment by prayer or spiritual means alone in accordance with the tenets and practices of a recognized church or religious denomination, and under such eventualities, the death certificate may be completed on the basis of information received from persons having knowledge of the facts.

(4) Whether the death or spontaneous fetal death occurred with or without medical attendance, if the circumstances of the case suggest that the death or spontaneous fetal death was caused by other than natural causes, the local registrar shall refer the case to the coroner or medical examiner for investigation and certification.

(5) When death occurs more than ten days after the decedent was last treated by a physician, the case shall be referred to the coroner for investigation to determine and certify the cause of death.

(6) When inquiry is required by the coroner, he shall determine the cause of death and shall complete and sign the medical certification within forty-eight hours after taking charge of the case.

(7) If the cause of death cannot be determined within forty-eight hours after death, the attending physician or coroner shall give the funeral director or person acting as such notice of the reason for the delay, and final disposition of the body shall not be made until authorized by the attending physician or coroner.
…
(12) The medical certification shall be completed, signed, and returned to the funeral director, if applicable, within twenty-four hours after death by the physician in charge of the patient's care for the illness or condition which resulted in death, except when a coroner's inquiry is required. In the absence of the physician or with his or her approval the certificate may be completed and signed by his or her associate physician, the chief medical officer of the institution in which death occurred, the physician who performed an autopsy upon the decedent, or the coroner, provided such individual has access to the medical history of the case, views the deceased at or after death, and death is due to natural causes.

8

Louisiana Revised Statute 40:49 contemplates differing statutory responsibilities depending on whether the death occurred "with medical attendance" or "without medical attendance." The statute discusses the role of the physician using the following terms:

- "physician last in attendance upon the deceased" La. R.S. 40:49(B)(2)

- "physician or midwife or other person last in attendance at the death" La. R.S. 40:49(B)(3)

- "death occurs more than ten days after the decedent was last treated by a physician" La. R.S. 40:49(B)(5)

- "attending physician" La. R.S. 40:49(B)(7)

- "physician in charge of the patient's care for the illness or condition which resulted in death, except when a coroner's inquiry is required" La. R.S. 40:49(B)(12).

No statutory definition of these terms[3] is provided in Section 40:49 or elsewhere in Chapter 40 of the Louisiana Revised Statutes. A general definition of "physician" is found in La. R.S. 40:32(11) as "a person authorized under the laws of this state to practice medicine."

---

[3] Similar terms regarding the "physician, if any, last attending to the deceased" are used in La. R.S. 40:34.10, which provides for the required contents of the death certificate, in relevant part:

> The certificate of death shall contain, as a minimum, the following items:
> …
> (19) The medical certification of the physician, if any, last attending to the deceased, which certificate shall be made and signed by the physician within twenty-four hours after death with his name and address. In the absence of a physician, the parish coroner shall sign the certificate. In either event, the certification shall contain the following items:
> (a) The fact and date of death, including year, month, day, and the time of the day.
> (b) Time in attendance.
> (c) Time he last saw the deceased alive.
> (d) Cause of death. . . .

9

The Supreme Court provides guidance in the relevant standard for statutory construction:

> The function of statutory interpretation and the construction given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Legislation is the solemn expression of legislative will, and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the Legislature to enact the law. The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur, and the text of the law as a whole. Further, the Legislature is presumed to act with full knowledge of well-settled principles of statutory construction.

*Burgess v. Sewerage & Water Bd. of New Orleans*, 16-2267, pp. 9-10 (La. 6/29/17), 225 So.3d 1020, 1026 (quoting *Catahoula Par. Sch. Bd. v. Louisiana Mach. Rentals, LLC*, 12-2504, pp. 12-13 (La. 10/15/13), 124 So.3d 1065, 1073).

We find La. R.S. 40:49 clear and unambiguous. The "physician" – to whom the statute imputes responsibilities for completing a death certificate – is a physician who is physically present and providing care at the time of the death. No allegation is contained in the original or amending petitions that Dr. Brown was physically present and providing care at the time of death. Rather, the petitions

10

allege that Decedent died at home. Walker has failed to allege sufficient facts that would bring Dr. Brown within the confines of these statutory responsibilities.

In opposition to the exception, Walker argues that she alleged negligence and gross negligence through violations of La. R.S. 40:50(A), which states:

> Notwithstanding any other provision of law to the contrary, the funeral director or other person required by law to initiate a death certificate shall initiate such certificate in original only, and shall file the original with a local registrar. The local registrar of each parish shall retain this original in his office for a period of ten days from the date the certificate is filed.

Walker contends that Dr. Brown should have returned the original death certificate because the local registrar could not send out another original without the first one being returned. This argument fails to rely on any well-pleaded factual allegations. Rather, Walker states a legal conclusion, clothed as fact. We are unable to consider such a claim as true for the purpose of an exception of no cause of action. *Henderson*, 21-0654, pp. 5-6, 335 So.3d at 353. Rather, looking to the language of the statute itself, La. R.S. 40:50 does not set forth any statutory duty on a physician.

Walker also argues that Dr. Brown assumed a duty to timely complete the death certificate, either through conversations between her office administrators and the funeral home or by ultimately completing the death certificate three months after the death. We find no support for such assertions. Again, Walker's contention that Dr. Brown assumed a duty is a legal conclusion, not a well-pleaded

11

factual allegation, and the court is not bound to accept it as true.[4] *Henderson*, 21-0654, pp. 5-6, 335 So.3d at 353. Moreover, we find no support in the law for the proposition that any lack of action on the part of Rhodes or the coroner in instigating the coroner's investigation and completion of the death certificate, as provided in La. R.S. 40:49(B)(3), imputes a responsibility upon a primary care physician who is not present at the death.

As the Supreme Court has recognized, "there is an almost universal legal duty on the part of persons to conform to the standard of conduct of a reasonable person in like circumstances." *Ramey*, 03-1299, p. 8, 869 So.2d at 119 (citations omitted). "Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case and the relationship of the parties." *Id.* Accepting the well-pleaded allegations of fact in the petitions as true, we find that Walker failed to state a cause of action in negligence or gross negligence. Walker's factual allegations do not show any circumstances imposing a duty on Dr. Brown to complete or sign the medical portion of the death certificate or to return any signed or unsigned death certificate sent to her office. Moreover, Walker's petition does not articulate a relationship between Dr. Brown and Decedent giving rise to a duty on Dr. Brown to complete the death certificate or return it, signed or unsigned. We cannot say under the facts alleged that the law provides Walker with any recourse against Dr. Brown. Therefore, we conclude that the peremptory

_____

[4] Walker also posits in her opposition to this writ application that Dr. Brown bears responsibility for failing to advise Rhodes that she had not seen or treated Decedent within ten days of death, and that Rhodes and the coroner must have been unaware of this fact. These suppositions are arguments outside the four corners of the petition, which the court may not consider on an exception of no cause of action. *2400 Canal, LLC*, 12-0220, p. 7, 105 So.3d at 825.

exception of no cause of action should have been granted, and the district court erred in denying the exception.

We recognize that, under La. C.C.P. art. 934, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, the article goes on to say that "[i]f the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." *Id.* As this Court has observed, the right to amend the petition is not absolute, and the Code of Civil Procedure does not permit amendment when it would constitute a vain and useless act. *DLN Holdings, L.L.C. v. Guglielmo*, 21-0640, p. 19 (La. App. 4 Cir. 6/29/22), 366 So.3d 461, 476 (citations omitted).

The record herein reflects that the petition has been twice amended, and no showing is made of any new facts that Walker would allege if permitted leave to further amend her petition. Walker's claims are that Dr. Brown was Decedent's primary care physician who was not present or providing medical care at the time of death. Beginning four days after the death, a funeral home, Rhodes, unsuccessfully attempted sending a death certificate to Dr. Brown's office electronically, and Dr. Brown ultimately completed and signed the medical portion of the death certificate more than three months after the death. We do not find that Walker can successfully remove the grounds for this exception. Amendment of the

petition would be a vain and useless act. Walker's claims against Dr. Brown must be dismissed as a matter of law without further opportunity to amend her petition for damages.

## CONCLUSION

Accordingly, for the reasons stated, we grant the writ, reverse the judgment of the district court, and render judgment granting the exception of no cause of action and dismissing all claims against Kate Brown, M.D.

**WRIT GRANTED; REVERSED**